CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 01, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MARVIN MAURICE MOORE,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv00459** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RUTLEDGE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Marvin Maurice Moore, a Virginia inmate proceeding *pro se*, has filed what the court has construed as a Motion for Reconsideration of the order entered August 25, 2025, dismissing his Complaint under the "three strikes rule" of 28 U.S.C. § 1915(g), because he did not pay the filing fee at commencement of the suit despite having three or more prior actions dismissed for failure to state a claim upon which relief may be granted. His motion was timely filed under Rule 59(e) of the Federal Rules of Civil Procedure but will be denied for the reasons stated below.

Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). There has been no intervening change in the law regarding the three strikes rule. The rule is part of the Prison Litigation Reform Act, enacted by Congress in part to deter frivolous prisoner litigation by imposing economic costs on prisoners frequently filing such claims. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Moore's motion is difficult to decipher, but he appears to indicate that the cases cited in the court's opinion as his three strikes[1] were appealed, or if not appealed, that he was obstructed in those appeals by the mailroom. He also indicates that this case was an effort to refile one of the previously dismissed suits. Neither of these allegations supports reconsideration of the prior order, nor do they constitute new evidence not previously available. *Moore v. D.O.C.*, No. 7:24cv00541 (W.D. Va. Dec.23, 2024) was appealed, but the appeal was dismissed April 14, 2025, nearly three months before the current suit was filed. *Moore v. Irving*, No. 1:22cv1379 (E.D. Va. Sept. 17, 2024) was *affirmed* by the Fourth Circuit, *Moore v. Irving*, No. 24-7013 (4th Cir. April 15, 2025), again before this case was filed. Under 28 U.S.C. § 1915(g), the appeal counts as another strike: A prisoner cannot bring an *in forma pauperis* proceeding if the prisoner has "on 3 or more prior occasions, . . . brought an action *or appeal* in a court of the United States that was dismissed" for failing to state a claim upon which relief may be granted. *Id.*

To the extent Moore claims a manifest injustice from the court's prior ruling, I do not find such an injustice. Admittedly the Fourth Circuit has not provided a concrete definition of "manifest injustice" as used in Rule 59(e), especially not in the context of dismissal of a prisoner's case under the PLRA. *See Arvon v. Liberty Mutual Fire Ins. Co.*, No. 20-1249, 2021 WL 3401258, at *3 n.2 (4th Cir. Aug. 4, 2021). Other courts in the civil rights context have defined "manifest injustice" to mean that:

1. The Court overlooked some dispositive factual or legal matter that was presented to it. *In re Telfair*, 745 F. Supp. 2d 536, 561 (D.N.J. 2010), *aff'd. in part, vacated in part on other grounds sub nom. Telfair v. Office of the U.S. Attorney*, 443 F. App'x. 674 (3d Cir. 2011) (unpublished).

---

[1] *Moore v. D.O.C.*, No. 7:24cv00541 (W.D. Va. Dec. 23, 2024); *Moore v. River North*, No. 7:24cv00750 (W.D. Va. June 30, 2025); *Moore v. Irving*, No. 1:22cv1379 (E.D. Va. Sept. 17, 2024).

2

2. The trial court made an error that is direct, obvious, and observable. *Tennessee Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004).

3. The manifest injustice describes the result of a plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996) *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

I do not find that any dispositive factual or legal matter was overlooked, nor do I find any plain error or direct, obvious, and observable error in the court's prior opinion.

Moore has failed to establish that he is entitled to reconsideration of the prior ruling, and I will deny his motion.  An appropriate order shall be entered this date.

Enter:  July 1, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

3